UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF LOUISIANA

IN RE: ROBERT E. MEACHEM                           CIVIL ACTION

                                                    NO: 22-00235

                                                    SECTION: T (5)

**RULING ON MOTION TO WITHDRAW REFERENCE**

Before the Court is a Motion to Withdraw Reference filed by the Bankruptcy Trustee Barbara Rivera-Fulton pursuant to 28 U.S.C. § 157(d) and Local Rule 83.4.3. R. Doc. 1. Defendants, Ron C. Adams, The Law Office of Ron C. Adams, LLC, and Continental Casualty Company, have filed an opposition. R. Doc. 3. The Trustee has filed a reply. R. Doc. 8. For the reasons set forth below, the Trustee's request for a jury trial will be granted and the Motion to Withdraw the Reference will be denied at this time.

BACKGROUND

The Trustee filed Adversary Proceeding No. 20-1081 in the United States Bankruptcy Court for the Eastern District of Louisiana, alleging that Defendants committed legal malpractice during the representation of the debtor, Robert E. Meachem in the matter of *In re: Robert E. Meachem, Debtor*, Case No. 18-13295, Section "A", Chapter 7, United States Bankruptcy Court for the Eastern District of Louisiana. The Trustee generally alleged that Defendant Adams was negligent in counseling Mr. Meachem to file a Chapter 13 proceeding that was subsequently into

1

a Chapter 7 proceeding, in lieu of satisfying his legal obligation in a Louisiana state court action in which he entered a Consent Judgment of Partition of Community Property with his ex-wife. R. Doc. 3, p. 2. The Trustee also alleged acts of post-petition malpractice on the part of Defendant Adams. *Id.* Defendant Adams answered the Adversary Complaint denying all liability to the Trustee. Following a status conference with the Bankruptcy Judge, the Trustee filed an Amended and Restated Complaint, adding Defendant Adams's professional liability carrier and requesting a jury trial on all issues. Defendants answered the Amended and Restated Complaint, affirmatively averring the Trustee is not entitled to a jury trial in this matter. Thereafter, the Trustee filed this Motion to Withdraw the Reference to the Bankruptcy Court.

The issue presented to this Court is whether the Trustee is entitled to a jury trial as requested in the Amended and Restated Complaint. If the Trustee is entitled to a jury trial, then the Bankruptcy Court in the Eastern District is not permitted to conduct jury trials and the reference must be withdrawn. *See* Local Bankruptcy Rule 9015-1 ("Jury trials are not held in this court."); *see also* Local Rule 83.4.1.[1]

LAW and ANALYSIS

Under 28 U.S.C. § 1334, "[f]ederal district courts have original and exclusive jurisdiction

---

[1] LR 83.4.1 provides:
> All cases under Title 11 and all proceedings arising under Title 11 or arising in or related to a case under Title 11 are transferred by the district court to the bankruptcy judges of this district. As set forth in 28 U.S.C. § 157(b)(5), personal injury tort and wrongful death claims must be tried in the district court.

2

of all bankruptcy cases under title 11 and original but not exclusive jurisdiction of all civil proceedings arising under title 11, or arising in or related to cases under title 11." *In re Serv. Marine Indus., Inc.*, No. CIV. A. 00-579, 2000 WL 777912, at *1 (E.D. La. May 30, 2000) (citing 28 U.S.C. § 1334(a)–(b)). Local Rule 83.4.1 provides for the referral of all cases to the underlying Bankruptcy Court. The district court is authorized to make such a referral to the bankruptcy judge under 28 U.S.C. § 157(a), which "permits referral and empowers bankruptcy judges to 'hear and determine all cases under title 11 and all core proceedings arising under title 11, or arising in a case under title 11,' and to hear non-core proceedings that are 'otherwise related to a case under title 11.'" *Id.* (footnote omitted) (quoting 28 U.S.C. § 157(a), (b)(1), and (c)(1)).

However, Section 157(d) of Title 28 of the United States Code provides that the district court may withdraw (permissive withdrawal), in whole or in part, any case or proceeding referred under Section 157, on its own motion or on timely motion of any party, for cause shown. 28 U.S.C. § 157(d). Although "cause" is not defined, the Fifth Circuit has set forth several factors to determine whether cause to withdraw exists: (1) whether the nature of the proceedings are core or non-core; (2) whether withdrawal promotes the economical use of the parties' resources; (3) whether withdrawal will promote uniformity in bankruptcy administration; (4) whether withdrawal motivates forum-shopping; (5) whether withdrawal will expedite the bankruptcy process; and (6) whether a party has demanded a jury trial. *Holland Am. Ins. Co. v. Succession of Roy*, 777 F.2d 992, 999 (5th Cir. 1985).

Defendant argues the Trustee is not entitled to have the reference withdrawn because the

3

Trustee conceded the claims asserted against Defendants are "core proceedings" and the Trustee is not entitled to a jury trial. Defendants cite to cases in which professional liability claims arising out of a professional's handling or mishandling of a bankruptcy matter are routinely considered "core proceedings" with respect to the bankruptcy matter in which the professional's services were rendered. R. Doc. 3, p. 4.

But whether the action is a "core proceeding" does not definitively answer the question of whether the reference may be withdrawn or whether the Trustee is entitled to a jury trial. Although courts often view the issue of whether a proceeding is core or non-core as a primary consideration for purposes of permissive withdrawal, *see, e.g., NRG New Holdings, LLC v. Horton*, No. Civ.A. 15-421, 2015 WL 6167817, at * 4 (M.D. La. Oct. 21, 2015), the Bankruptcy Court in this district may not hear jury trials. So, if a party has demanded and is entitled to a jury trial, that factor would seem to be more paramount to the others, at least in the Eastern District. "In general, the inability of a bankruptcy court to hold a jury trial in a related matter is a sufficient ground for a district court to withdraw reference to a bankruptcy court." *In re Lapeyre*, No. Civ.A. 99-1312, 1999 WL 486888, at *3 (E.D. La. July 8, 1999); *see also In re The Babcock & Wilcox Co.*, No. 01–1187, 2001 WL 1018366, at *3 (E.D. La. July 2, 2001) ("Bankruptcy courts in this district are not authorized to conduct jury trials. Generally, the inability of a bankruptcy court to hold a jury trial in a related matter is a ground for a district court to withdraw the reference from a bankruptcy court."). Therefore, if the Trustee has made a jury demand and is entitled to one, then a withdrawal is warranted.

4

Accordingly, the Court must determine whether the Seventh Amendment right to a jury trial applies to the Trustee's malpractice action against these Defendants. The Seventh Amendment provides, "[i]n Suits at common law, where the value in controversy shall exceed twenty dollars, the right of trial by jury shall be preserved." U.S. Const. amend. VII. If a bankruptcy trustee initiates a suit involving legal (as opposed to equitable) rights and obligations, the Seventh Amendment entitles the defendant to a jury trial if the defendant has not filed and does not file a proof of claim against the estate. *Debaillon v. Steffes*, 195 B.R. 362, 364 (M.D. La. 1996) (citing *Granfinanciera, S.A. v. Nordberg*, 492 U.S. 33, 41 (1989)). An action for money damages based on a breach of contract is traditionally a legal claim. *See Dairy Queen, Inc. v. Wood*, 369 U.S. 469, 477 (1962). And actions sounding in tort "for damages to a person or property" are also generally considered to be actions at law. *See Ross v. Bernhard*, 396 U.S. 531, 533 (1970).

The courts have consistently determined that malpractice actions satisfy these parameters. *See Debaillon*, 195 B.R. at 364 (citations omitted). "Generally, negligence which gives rise to legal malpractice is based upon the attorney's breach of his duty of care. The essence of such an action is a tort." *In re SPI Communications & Mktg., Inc.*, 112 B.R. 507, 512 (Bankr.N.D.N.Y.1990).

Here, Defendants have not filed a proof of claim against the estate. And there can be no real dispute that a malpractice action is an action "at law" that seeks monetary damages, a legal remedy, such that the right to jury trial under the Seventh Amendment attaches. Defendants have advanced several other arguments against the withdrawal of the reference: the Trustee waited too long to request a jury trial and the Bankruptcy Judge is better suited to determine whether the

5

attorney breached a duty in a bankruptcy matter than a lay jury. But these arguments are unavailing. The Trustee timely amended the Complaint and requested a jury trial once insurance coverage was ascertained. Furthermore, juries are well suited to resolving whether a professional breached a duty to a client.

The Court thus finds that the Trustee is entitled to a trial by jury under the Seventh Amendment as to the malpractice action and that the reference should be withdrawn. However, the "existence of a jury demand does not mandate immediate withdrawal of the reference" because "it may better serve judicial economy…for the bankruptcy court to resolve pretrial matters." *Post Confirmation Bd. of Wadleigh Energy Group, Inc. v. Wadleigh*, 516 B.R. 850, 854 (E.D. La. 2014) (emphasis removed, citations omitted). District courts routinely deny the motion to withdraw the reference but allow the bankruptcy court to supervise all pretrial and discovery matters and to develop the case for trial. *See id.* at 854-55, 856 (citing cases).

CONCLUSION

Accordingly,

**IT IS ORDERED** that the Trustee's request for a jury trial is GRANTED and the Motion to Withdraw the Reference is DENIED at this time.

New Orleans, Louisiana, this 11th day of April 2025.

                                              GREG GERARD GUIDRY
                                          UNITED STATES DISTRICT JUDGE